**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TIFFANY LAMB,**

    **Plaintiff,**

**vs.**                                              **4:05-CV-114-SPM**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** comes before the Court upon the "Defendant's Motion for Summary Judgment" (doc. 18) and the statement of facts in support thereof (doc. 19) both filed August 4, 2006; Plaintiff's response (doc. 23) filed August 21, 2006; and Defendant's reply (doc. 27) filed August 29, 2006, as well as all related exhibits, attachments, and other materials.  Plaintiff is suing the federal government for actions taken by certain United States Deputy Marshals during their execution of an arrest warrant.[1]  Defendant has moved for summary judgment on a number of grounds.  Plaintiff candidly concedes in her response

---

[1] It is undisputed that the United States deputy marshals were acting as law enforcement officers in executing the arrest warrant for Natalie Peters.

that she has not proven the negligence claim in Count IV (doc. 23 at 6); thus, the motion for summary judgment applies only to Counts I through III, all arising under the Federal Tort Claims Act.  For the reasons set forth below, the Court finds the motion must be granted as to Counts II and III and denied as to Count I.

**SUMMARY JUDGMENT STANDARD:**

Federal Rule of Civil Procedure 56(c) provides for entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

Once the burden is met, summary judgment cannot be avoided by the non-moving party by simply relying upon the allegations or denials in the pleadings.  See Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Rather, to avoid summary judgment, the non-moving party must point to evidence in the record or additional evidence that could be "sufficient to withstand a directed verdict motion at trial."  Id. (citations omitted).  The basic

inquiry by the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

**ANALYSIS:**

The Federal Tort Claims Act was "designed to provide redress for ordinary torts recognized by state law." Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)(citation omitted). The United States can be held liable under the FTCA "if the act at issue is a tort in the state where the conduct occurred." Miles v. Naval Aviation Museum Found., Inc., 289 F.3d 715, 722 (11th Cir. 2002)(*citing* 28 U.S.C. § 2674). However, the FTCA specifically exempts claims based upon the actor's "failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The United States Supreme Court, in United States v. Gaubert, 499 U.S. 315 (1991), articulated a two-part test for determining whether or not the challenged conduct falls within the exception. First, the court must ascertain whether the conduct involved elements of judgment or choice. Id. at 322. If so, the court must then decide "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Id. at 322-23 (*quoting* Berkovitz v. United States, 486 U.S. 531, 536 (1988)).

The Eleventh Circuit has explicitly held that "the discretionary function

exception applies to the process of determining whether the person apprehended is actually the person named in the arrest warrant." Mesa v. United States, 123 F.3d 1435, 1439 (11th Cir. 1997). The Mesa court exhaustively analyzed the policy considerations inherent in effectuating an arrest, noting that officers weigh factors such as the urgency of apprehending the subject against the likelihood that the subject may destroy evidence or pose a safety threat. Id. at 1438. Officers may also consider "the possible repercussions of erroneously deciding that the person they apprehended is not in fact the person named in the warrant and letting that person go free." Id. at 1438-39. In reaching its holding, the court stated, "All of these factors indicate that the decision regarding how to locate and identify the subject of an arrest warrant is fundamentally rooted in policy considerations and that judicial second-guessing of this decision thus is not appropriate." Id. at 1438.

  Here, Plaintiff's complaints of trespass to real property (Count II) and unlawful search (Count III) both "involve[] the process of identifying, both before and during the service of the warrant, the subject of an arrest warrant." Id. at 1439. Even viewing the facts in the light most favorable to Plaintiff, as is required, the FTCA exempts such actions as discretionary functions, including situations in which that discretion may be abused. Thus, because the discretionary function applies to the officers' actions in locating and identifying the subject of the warrant in this case, the Court is without subject-matter

jurisdiction.  Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998)(*citing* Powers v. United States, 996 F.2d 1121, 1126 (11th Cir.1993)).  Summary judgment must be entered on Counts II and III.

However, while those counts deal with execution of the arrest warrant, Count I (false arrest) focuses not on the warrant for Natalie Peters, but on the threatened warrantless arrest of Plaintiff for obstruction of justice.  In her response to the motion for summary judgment, Plaintiff specifically argues, "A reasonable jury could find that the detention of [Plaintiff] from the time she was sitting on the ground in a pool of her own urine until she had the handcuffs removed as her children got off the school bus was based on an offense–obstruction of justice–for which Defendant had no probable cause, much less a warrant."  *See* doc. 23 at 5-6.

Taking all well-pled allegations in the complaint as true, it appears that officers were taken by surprise when they discovered that Plaintiff was not the person named in the arrest warrant.  Rather than simply detaining her while attempting to locate Natalie Peters in the house down the street, which would certainly have been permissible, the officers told her they were arresting her for obstruction of justice, without further explanation.[2]  It was not until the officers began walking away and Plaintiff asked if she was free to go home that the incident ended.

---

[2] It is unclear from the record whether Plaintiff was ever actually charged with the offense.

Threatening to arrest, or arresting, Plaintiff for obstruction of justice does not fall within the narrow holding of Mesa and is thus not subject to the discretionary function exception to the FTCA.  Summary judgment is denied as to Count I.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motion for summary judgment (doc. 18) is *granted* in favor of Defendant as to Counts II and III of the complaint.

2. The motion for summary judgment (doc. 18) is *denied* as to Count I of the complaint.

**DONE AND ORDERED** this twenty-ninth day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge